IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

DOROTHY FULTON                                                                    PLAINTIFF

VERSUS                                                         CIVIL ACTION NO. 2:05CV-95-P-B

BAXTER HEALTHCARE
CORPORATION and
MISSISSIPPI DEPARTMENT
OF EMPLOYMENT SECURITY                                                           DEFENDANTS

## MEMORANDUM OPINION

This cause is before the Court on the defendant's Motion to Dismiss [4]. The Court, having reviewed the motion, the defendant's brief, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

FACTUAL BACKGROUND

Dorothy Fulton filed suit against Baxter Healthcare Corporation (hereafter BHC) and the Mississippi Department of Employment Security (hereafter MDES) in the Circuit Court of Bolivar County, Mississippi, on February 8, 2005. Plaintiff's Complaint seeks damages for injuries she allegedly suffered while at work.

On May 16, 2005, BHC removed the case to the United States District Court for the Northern District of Mississippi. BHC predicated the removal on diversity of citizenship[1] and possible federal question jurisdiction under ERISA.

---

[1] BHC asserted in its Notice of Removal that fellow defendant had been fraudulently joined and that, inter alia, its citizenship should be disregarded for purposes of determining diversity under § 1332. Indeed, the record indicated that MDES has never been served.

Defendant BHC filed a Motion to Dismiss, claiming that Fulton's claims are barred by the exclusivity provisions of the Mississippi Workers' Compensation Act. The matter is ripe for consideration and the Court is ready to rule.

STANDARD OF REVIEW

Dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is appropriate if a party fails to state a claim under which relief can be granted. The allegations of the Complaint must be accepted as true when the Court considers whether the plaintiffs have stated a cause of action. See Cramer v. Skinner, 931 F.2d 1020 (5th Cir. 1991); cert. denied, 112 S. Ct. 298, 116 L.Ed.2d 242, 60 U.S.L.W. 3057 (1991). Only the complaint and the allegations contained therein are to be considered in reaching a decision on a defendant's Rule 12(b)(6) motion to dismiss. The complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her/her claims which would entitle him/her to relief.

ANALYSIS

Fulton's complaint alleged she "suffered injuries as a result of three falls at Baxter's Cleveland Plant during the month of November, 2003." Because plaintiff's allegations concern an injury suffered while in the course and scope of her employment, her claims are barred by the exclusivity provisions of the Mississippi Workers' Compensation Act. See Miss. Code Ann. § 71-3-9 (Rev. 2000).

The exclusivity provision of the Act states that "[t]he liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee . . . ." Id. "It is well established that the Act is the exclusive remedy for an employee injured while acting in the scope and course of his employment." Hurdle v. Holloway, 848 So.2d

183, 185 (Miss. 2003). Thus, Fulton's claims against BHC based on injuries she allegedly suffered while at work fail as a matter of law.

Fulton's allegation that "the Defendant knew that the Plaintiff's work environment was dangerous," does not bring her claims outside the province of workers' compensation. It is well-settled in Mississippi that "[i]t is not enough to destroy the immunity that the employer's conduct leading to the injury . . . include[s] such elements as knowingly permitting hazardous conditions to exist or willfully failing to furnish a safe place to work or knowingly ordering the employee to perform a dangerous job." Peaster v. David New Drilling Co., Inc., 642 So.2d 344, 347-48 (Miss. 1994); Griffin v. Futorian Corp., 533 So.2d 461, 464 (Miss. 1988)(citing Dunn, Mississippi Workers' Compensation, (3d ed. 1982 & Suppl. 1984)).

Lastly, inasmuch as plaintiff's allegation that BHC "acted to prevent [her] from earning wages at Baxter" can be characterized as an attempt to state a claim for wrongful termination, that claim is clearly barred by Mississippi's employment-at-will doctrine. See Buchanan v. Ameristar Casino Vicksburg, Inc., 852 So.2d 25, 26 (Miss. 2003). Under the at-will doctrine of employment, employees may be terminated for good reason, bad reason or no reason. Slatery v. Northeast Miss. Contract Procurement, Inc., 747 So.2d 257, 259 (Miss. 1999).

## CONCLUSION

Based on the foregoing facts and analysis, the Court concludes that the defendant's Motion to Dismiss [4] is well-taken and should be granted. A judgment will issue accordingly.

This, the 18th day of November, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE